UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD HAWKINS,

               Plaintiff,

    -against-

CITY OF NEW YORK and POLICE OFFICER
ERIK TARNOK,

               Defendants,
------------------------------------------------------------------X

ECF Case No.:

JUDGE COTE

13 CV 2374

COMPLAINT

JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and ( c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7. That a 50-h earing was taken of plaintiff on November 26, 2012 conducted by the Defendants CITY OF NEW YORK at Lex Reporting Services, 160 Broadway, 14th Floor, New York, New York 10038.

8. This action is being commenced within (1)one year and (90) ninety days from the date of the incident herein.

## THE PARTIES

9. Plaintiff is a citizen, resident, and was otherwise lawfully in the United States at the time of the events complained of herein.

10. Defendant CITY OF NEW YORK was and still is at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain the New York City Police Department. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

11. Upon information and belief defendant Police Officer ERIK TARNOK was and still is an employee of the New York City Police Department, and was acting under

color of State law in the course and scope of his duties and functions as agent, servant employee and officer of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of his law functions in the course of his duties.

## STATEMENT OF FACTS

12. That on July 19, 2012 at approximately 4:30 p.m. plaintiff, was on a Bronx bound #4 subway train and was being harassed by another passenger. Plaintiff then exited the subway train at the 14th Street train station, New York, New York but was followed by the passenger onto the platform. Plaintiff saw the passenger reach for a gun and took out a knife to defend himself and was immediately surrounded by police officers who instructed him to drop the knife. Officers had drawn their weapons and pointed at plaintiff.

13. Police Officer Erik Tarnok then tackled and assaulted plaintiff causing him to fall backward to the ground and sustain serious personal injuries.

14. That at the aforementioned time and place, plaintiff was assaulted by Police Officer Erik Tarnok who used excessive force to arrest him.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

15. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16. By defendants' conduct and actions in physically assaulting the plaintiff, by violating the plaintiff's Fourteenth Amendment rights to equal protection, Police Officer Erik Tarnok, acting under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

17. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

18. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

19. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its New York City Police Department and through the individual defendant, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the physical assault of the plaintiff and (b) the infliction of pain and suffering upon plaintiff. Each such policy, practice, custom and usage caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### ASSAULT AND BATTERY

21. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

22. By the actions described above, defendants City of New York and Police Officer Erik Tarnok committed an assault and battery upon the plaintiff by tackling him to the ground and use of excessive force to arrest him. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

23. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM
## NEGLIGENCE

24. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. That at all times hereinafter mentioned the Defendant CITY OF NEW YORK controls the New York City Police Department and is responsible for its policies, practices and functions, including the screening, hiring, training and continued employment of its' officers including defendant Erik Tarnok, who was unfit for the duties and responsibilities entrusted to them.

26. That Defendant Officer Erik Tarnok assaulted plaintiff intentionally, unlawfully and maliciously, without cause or provocation from the plaintiff.

27. That Defendant Officer Erik Tarnok acted with reckless and wanton disregard for the rights and safety of the plaintiff.

28. That the defendants the CITY OF NEW YORK was negligent and careless in the performance of its functions and responsibilities, in failing to prevent the defendant officer from employing undue and excessive force, in failing to follow proper procedure, and in failing to safeguard the security and health of the plaintiff.

29. That the conduct and actions of defendant Officer Erik Tarnok was taken while he was on duty and in uniform, in and during the course and scope of his duties as agent and employee of the defendant, and as a result, defendant CITY OF NEW YORK is liable to the plaintiff pursuant to the State Common Law Doctrine of Respondent Superior.

30. That Defendants had actual and constructive knowledge of Police Officer Erik Tarnok's vicious propensities and unsuitability to be an officer of the New York City Police Department.

31. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

32. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE,** plaintiff demands judgment against the defendants for his First, Second, Third and Fourth causes of action. Plaintiff also demands the following relief jointly and severally against all of the defendants:

  a. Compensatory damages in the amount of $10,000,000.00;
  b. Punitive Damages;
  c. The convening and empaneling of a jury to consider the merits of the claims herein;
  d. Pre and post-judgment costs, interest and attorneys' fees;
  e. Such other and further relief as to this Court may deem appropriate and equitable.

Dated: New York, New York
       March 7, 2013

Yours etc.,

ISAACSON, SCHIOWITZ & KORSON, LLP,
Attorneys for Plaintiff

By: _____
MARTIN SCHIOWITZ, ESQ. (MS 0583)
150 Broadway - Suite 1600
New York, New York 10038
Tel. No.: (212) 267-6557

## ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice in the courts of New York State, hereby affirms that I am the attorney of record for the plaintiff in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by plaintiff is because the plaintiff does not reside in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records and memoranda in my file, conversations had with the clients, and my own investigation.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       March 7, 2013

_____
MARTIN SCHIOWITZ

Docket Number:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RONALD HAWKINS,

                       *Plaintiff*

-against-

THE CITY OF NEW YORK and POLICE OFFICER
ERIK TARNOK,

                     *Defendants*

-----------------------------------------------------------------X

# CIVIL COVER SHEET, SUMMONS IN A CIVIL ACTION AND COMPLAINT

**ISAACSON, SCHIOWITZ & KORSON, LLP**
**Attorney for Plaintiff**
150 Broadway, Suite 1600
New York, NY 10038-4494
Tel No. 212-267-6557
Fax No. 212-240-0365